UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

MERVIN RHYMES,

Defendant.

25-cr-244 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The defendant, Mervin Rhymes, moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction in his sentence based on "extraordinary and compelling reasons." For the reasons that follow, the motion is **granted**.

**I.**

On May 29, 2025, the defendant pleaded guilty to conspiracy to commit federal program bribery, in violation of 18 U.S.C. § 371. See ECF Nos. 11, 19. On October 27, 2025, the defendant was sentenced to a term of 34 months' imprisonment, followed by a period of two years' supervised release. See ECF No. 19. The defendant began serving his term of incarceration at FCI Fort Dix on January 30, 2026. See id. On or about June 4, 2026, the defendant submitted to the Bureau of Prisons an application for compassionate release based on his medical condition. See ECF No. 31. The United States Attorney's Office for the Southern District of New York does not oppose the defendant's request; the Bureau of Prisons has not responded to the request. See ECF No. 33.

**II.**

As relevant here:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that-
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Previously, a court could grant a motion pursuant to § 3582(c)(1)(A) only upon a motion from the Director of the Bureau of Prisons. The amended statute now allows a defendant to make the motion, but only after exhausting the defendant's administrative remedies-that is, by first requesting a reduction from the warden of the defendant's facility and waiting at least 30 days for a response.

The Court must then be satisfied that the defendant's application satisfies the extraordinary and compelling reasons requirement as explained in policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statement is contained in U.S.S.G. § 1B1.13. An earlier version of § 1B1.13 was found to be inapplicable to motions brought by

defendants-rather than by the Director of the Bureau of Prisons-and thus was non-binding on district courts evaluating such motions. United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). However, through amendments effective as of November 1, 2023, the Sentencing Commission fixed the issue identified in Brooker and made it clear that § 1B1.13 now applies when district courts consider motions made by defendants. See, e.g., United States v. Rivera Rodriguez, No. 12-cr-269, 2024 WL 4355031, at *2 (S.D.N.Y. Sept. 27, 2024). In other words, the more expansive definition of "extraordinary and compelling reasons" as set forth in cases like Brooker no longer applies. Having considered whether there are "extraordinary and compelling reasons" as explained in current § 1B1.13, the Court must then consider the sentencing factors in § 3553(a).

**III.**

First, the defendant has exhausted his administrative remedies because he sought a sentence reduction from the Warden of FCI Fort Dix and, more than 30 days after the request, has not received a reply. See 18 U.S.C. § 3582(c)(1)(A). It is undisputed that the defendant has exhausted his administrative remedies.

Second, the defendant has established that "extraordinary and compelling reasons" warrant a reduction in his sentence. The relevant policy statement promulgated by the Sentencing Commission provides that a reduced sentence for "extraordinary and compelling reasons" may be based on the defendant's medical condition where the defendant is "suffering from a

terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)." U.S.S.G. § 1B1.13(b)(1)(A). Based on the medical records submitted by the Government under seal, it is plain that the defendant has established "extraordinary and compelling reasons" justifying a reduction in his sentence based on his medical condition.

Finally, a reduction in the defendant's sentence would be consistent with the § 3553(a) factors. Section 3553(a) provides that in imposing a sentence, a court should consider, among other factors, "the nature and circumstances of the offense," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes . . . and to provide the defendant with the needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a). In this case, the defendant has served part of his sentence of 34 months' imprisonment, and, following his release, will serve a term of supervised release. See ECF No. 19. The Eastern District of New York Probation Office has accepted the defendant's supervised release plan, which will allow the defendant to seek treatment for his medical diagnosis. See ECF No. 38. Considering the defendant's terminal illness, there is no reasonable argument that further incarceration is necessary for purposes of deterrence or protection of the public. Rather, release is necessary to provide adequate medical care for the defendant.

## CONCLUSION

For the foregoing reasons, the defendant's motion for compassionate release is **granted**. The Court reduces the defendant's sentence of imprisonment to time served, to be followed immediately by the term of two years' supervised release originally imposed. The Government should submit a proposed order governing the conditions of the defendant's release by **July 27, 2026, at 12:00 p.m.**

The Clerk is respectfully requested to mail a copy of this Order to the defendant and to note mailing on the docket. The Clerk is also requested to email a copy of this Order to davidrhymes98@gmail.com and tralo143@aol.com.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 22, 2026**

**John G. Koeltl**
**United States District Judge**